IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SHINN FU COMPANY OF AMERICA, )
INC., a Missouri Corporation, )
)
                Plaintiff, )
) Case No.: 00-0186-CV-W-1
v. )
)
INTERNATIONAL MERCHANDISING )
SERVICES, INC., a California )
Corporation, )
)
                Defendant. )
)

## ANSWER

COMES NOW Defendant, International Merchandising Services, Inc., ("IMS") and for its Answer to the Complaint filed by Shinn Fu Company of America, Inc. ("Shinn Fu") states as follows:

### GENERAL ALLEGATIONS

1.     IMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, denies same.

2.     IMS admits the allegations contained in paragraph 2.

3.     IMS admits that this action purports to be for patent infringement, trademark infringement and unfair competition under United States Patent laws. Except as expressly admitted herein, IMS denies all remaining allegations contained in paragraph 3.

4.     IMS denies the allegations contained in paragraph 4.

5.     IMS denies the allegations contained in paragraph 5.

6. IMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies same.

7. IMS denies the allegations contained in paragraph 7.

8. IMS denies the allegations contained in paragraph 8.

9. IMS admits that Shinn Fu has contacted IMS in the past regarding intellectual property matters. Except as expressly admitted herein, IMS denies all remaining allegations contained in paragraph 9.

10. IMS denies the allegations contained in paragraph 10.

11. IMS denies the allegations contained in paragraph 11.

12. IMS denies the allegations contained in paragraph 12.

13. IMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies same.

## COUNT I

## PATENT INFRINGEMENT

14. IMS incorporates by reference and realleges as if fully set forth herein its Answers to paragraphs 1-13.

15. IMS denies the allegations contained in paragraph 15.

16. IMS denies the allegations contained in paragraph 16.

17. IMS denies the allegations contained in paragraph 17.

18. IMS denies the allegations contained in paragraph 18.

## COUNT II

## TRADEMARK INFRINGEMENT

19. IMS incorporates by reference and realleges as if fully set forth herein its Answers to paragraphs 1-18.

20. IMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, denies same.

21. IMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, denies same.

22. IMS denies the allegations contained in paragraph 22.

23. IMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies same.

24. IMS denies the allegations contained in paragraph 24.

25. IMS denies the allegations contained in paragraph 25.

26. IMS denies the allegations contained in paragraph 26.

27. IMS denies the allegations contained in paragraph 27.

28. IMS denies the allegations contained in paragraph 28.

29. IMS denies the allegations contained in paragraph 29.

## COUNT III

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

30. IMS incorporates by reference and realleges as if fully set forth herein its Answers to paragraphs 1-29.

31. IMS denies the allegations contained in paragraph 31.

32. IMS denies the allegations contained in paragraph 32.

33. IMS denies the allegations contained in paragraph 33.

34. IMS denies the allegations contained in paragraph 34.

35. IMS denies the allegations contained in paragraph 35.

36. IMS denies the allegations contained in paragraph 36.

37. IMS denies the allegations contained in paragraph 37.

38. IMS denies the allegations contained in paragraph 38.

39. IMS denies the allegations contained in paragraph 39.

40. IMS denies the allegations contained in paragraph 40.

## **AFFIRMATIVE DEFENSES TO ALL COUNTS**

1. This Court lacks personal jurisdiction over IMS.

2. This case is pending in an improper venue.

3. Shinn Fu's claims fail to state claims upon which relief can be granted.

4. The patents asserted by Plaintiff are invalid.

5. The patents asserted by Plaintiff are vague or overbroad.

6. The claims Plaintiff makes do not fall within the purview of the patents.

7. Plaintiff's claims are barred by the doctrines of laches and estoppel.

4

Respectfully submitted,

POLSINELLI, WHITE, VARDEMAN & SHALTON
A PROFESSIONAL CORPORATION

By: _____
DAVID L. BOMAN (#42157)
700 West 47th Street, Suite 1000
Kansas City, Missouri 64112
(816) 753-1000
Telecopier No. (816) 753-1536

ERIC M. TRELZ (#37248)
100 South Fourth Street, Suite 1110
St. Louis, Missouri 63102
(314) 231-1950
Telecopier No. (314) 231-1776

ATTORNEYS FOR DEFENDANT
INTERNATIONAL MERCHANDISING
SERVICES

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by ( X ) U.S. Mail, postage prepaid; (___) telecopy; (___) Federal Express; and/or (___) hand delivery this 5th day of May, 2000, to:

Ronald E. Manka, Esq.
LATHROP & GAGE, L.C.
Suite 2800
2345 Grand Boulevard
Kansas City, MO 64108-2612

ATTORNEY FOR PLAINTIFF

_____

25451 / 49886
EMTRE 147389

5